[ECF No. 95]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **HR HOSPITALITY LLC,** d/b/a KNIGHTS INN, ARJHV HOSPITALITY, LLC, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> **CERTAIN UNDERWRITERS AT LLOYD'S LONDON,** <br><br>    Defendant. | Civil No. 19-16339 (RMB/MJS) |

## O P I N I O N  A N D  O R D E R

This matter comes before the Court upon the motion for disbursement of funds ("Motion") filed by plaintiffs HR Hospitality LLC, doing business as Knights Inn, ARJHV Hospitality, LLC; ARJHV Hospitality, LLC, doing business as Bay View Inn; and RGM Hospitality, LLC, doing business as Inn of the Dove ("Plaintiffs") [ECF No. 95]. The Court has reviewed Plaintiffs' submission, Plaintiffs' proposed order [ECF No. 96], the opposition filed by non-party City of Atlantic City ("Atlantic City") [ECF No. 97], the response filed by defendant Certain Underwriters at Lloyd's London ("Defendant") [ECF No. 98], Plaintiffs' brief in reply [ECF No. 99], and the letter subsequently filed by Plaintiffs' counsel correcting certain facts

1

[ECF No. 101]. The Court exercises its discretion to decide the Motion without oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1.

In light of the subsequent lawsuit filed by Plaintiffs against Atlantic City disputing the validity of the liens and Plaintiffs' responsibility to pay them, and set as forth in further detail herein, Plaintiffs' Motion is **DENIED** without prejudice.

This case arises out of Plaintiffs' claim for insurance coverage after two fires broke out at Plaintiffs' premises (insured by Defendant) located at 1630 North Albany Avenue in Atlantic City[1] in August and October 2017. ECF No. 1 ¶¶ 6-7. On December 30, 2022, the Court administratively terminated the case, pending final consummation of the settlement, after the parties notified the Court that they reached a preliminary settlement in this matter with this Court's assistance. ECF No. 85.

On February 17, 2023, Plaintiffs' counsel notified the Court that Defendant had not yet released the settlement funds to Plaintiffs because Defendant was not sure how the settlement funds should be distributed due to recently discovered liens placed on the premises and property by Atlantic City. ECF No. 86. Defendant's

---

[1] The property on which the premises was located was owned by Somdev Real Estate LLC ("Somdev"), not Plaintiffs. ECF No. 95-3. However, Atlantic City explained in its opposition to Plaintiffs' Motion that it appears that another entity has since purchased the property from Somdev, "[a]lthough as of [May 1, 2023,] it does not appear that the property has yet been actually transferred by a filed Deed to a different owner." ECF No. 97 at 2-3.

counsel filed a letter in response on February 20, 2023, explaining that a New Jersey statute, adopted by Atlantic City into its municipal code, seemed to suggest that Defendant would have to pay the municipal liens using the settlement funds before paying any of the funds to Plaintiffs. ECF No. 87. Defendant noted that there was confusion as to whether Defendant would have to use the settlement funds to pay the liens placed on the property on which the premises were located, even though Plaintiffs did not own the property. Id. Further, at that time, it was not clear if the mortgages on the property had been satisfied, which would also impact the disbursement of the settlement funds. Id.

The Court extended the administrative termination deadline in light of counsel's letters. ECF No. 88. The Court scheduled a conference with counsel for March 13, 2023, and ordered counsel to submit additional letters ahead of the conference to provide any additional updates on the issues. ECF Nos. 89-91. After receiving an update from counsel at the March 13, 2023 conference, the Court determined that hearing from a representative from the Atlantic City Solicitor's Office would be helpful in determining how the settlement funds should be distributed and ordered a representative from the Atlantic City Solicitor's Office to attend the Court's next conference. See ECF No. 92. No such representative appeared, however, as ordered, at the Court's March 27, 2023 conference. See ECF No. 93. The Court thereafter granted

Plaintiffs' counsel leave to file a motion "regarding the prioritization of any liens on the settlement funds" by April 14, 2023.[2] Id.

Plaintiffs filed this Motion on April 14, 2023.[3] ECF Nos. 95-96. After Plaintiffs served a copy of the Motion on the Atlantic City Solicitor's Office, Atlantic City filed its opposition to the Motion on May 1, 2023. ECF No. 97. Defendant filed a letter brief stating its position on the Motion on May 1, 2023. ECF No. 98. Plaintiffs filed a reply brief on May 4, 2023, and a clarifying letter on September 18, 2023. ECF Nos. 99 and 101.

The Court notes that on the day Plaintiffs filed this Motion, Plaintiffs also filed a lawsuit against Atlantic City in this District asserting that the liens placed on the premises and property at issue in this case are invalid and constitute a violation of Plaintiffs' due process rights.[4] Complaint & Jury

---

[2] The Court ordered the parties to file a consent order regarding which entities should be served with the Motion and what provisions should be included in the Motion, such as where the funds should be deposited while the Motion is pending. ECF No. 93. Counsel filed a proposed consent order on March 31, 2023. ECF No. 94. The Court also ordered Defendant to advise the Court in writing whether the mortgages on the property have been satisfied. Id. Defendant confirmed this in its response to Plaintiffs' Motion. ECF No. 98 ¶ 9.

[3] The final proposed order Plaintiffs and Defendant seek this Court to adopt is entered as ECF No. 96.

[4] An initial conference in that case took place with the Undersigned on September 15, 2015. Scheduling Order, HR Hospitality, Civ. No. 23-2104 (D.N.J. July 25, 2023), ECF No. 13.

4

Trial Demand, HR Hospitality, LLC v. City of Atlantic City, Civ. No. 23-2104 (D.N.J. Apr. 14, 2023), ECF No. 1.

Plaintiffs' Motion

Plaintiffs seek this Court to enter an order "permitting [P]laintiffs' counsel to disburse to his firm his firm's fees and costs from the settlement proceeds, and escrow the remainder until Atlantic City and [P]laintiffs enter into an agreement of disbursement of the remainder of the funds, or until a court issues an Order directing distribution of the escrow funds." ECF No. 95-2 at 2. Plaintiffs' counsel argues that the firm should be paid $229,443.00 of the $685,000 settlement proceeds before any of the municipal liens are paid from the settlement proceeds.[5] ECF No. 95-2 at 3.

The liens on the premises and property total $879,198.90, in addition to per diem charges of $259.64. ECF No. 95-2 at 3. These liens are for outstanding taxes, water costs, "and the alleged

---

[5] Counsel argues that he is owed $226,050 as a contingency fee subject to his fee agreement with Plaintiffs, which provided that "[P]laintiffs would pay Sherman Silverstein [counsel's firm] a contingency fee of 33 1/3% plus out of pocket costs incurred arising out of any settlement or verdict." ECF No. 95-2 at 2. As for costs, counsel explains that he is entitled to $3,393.00 because his firm paid $4,893 in out-of-pocket costs during the course of the litigation. However, when counsel was first hired, Plaintiffs provided a retainer of $1,500 to be applied to out-of-pocket costs. ECF No. 95-2 at 3. So, Plaintiffs' counsel is owed $4,893 less $1,500 in costs, equaling $3,393. In sum, he is owed $3,393 in costs and a $226,050 contingency fee, equaling a sum of $229,443.00.

5

cost, interest, and penalties for demolition of the motel."[6] ECF No. 95-2 at 1. If the Court orders Plaintiffs' counsel's fee and costs to be paid first out of the settlement funds, then there is not enough money to pay the liens on the premises and property in full as currently listed in the Lien Redemption Work Sheet. See ECF No. 95-3 at 8-13.

Plaintiffs' counsel argues that his costs and fee have priority over the municipal liens and thus should be disbursed and deducted out of the total settlement amount first because (1) Plaintiffs are not responsible for any of the liens on the property, but instead the property's owner, Somdev, is, and so the settlement proceeds should not be used to pay the existing liens; (2) to the extent Plaintiffs are in fact responsible for any of the liens, counsel's costs and fee take priority over the municipal liens because they "attached" first;[7] and (3) Plaintiffs and

---

[6] Counsel attached the Title Report and the City of Atlantic City Lien Redemption Work Sheet for the subject property to the Motion. ECF No. 95-3. The Lien Redemption Work Sheet notes that Somdev became the owner of the property on December 17, 2018. Id. at 8. Taxes and interest from 2019 through 2023, totaling $220,761.10, are owed on the property. Id. at 8-13. Undated water charges and interest totaling $17,481.59 are owed on the property. Id. Demolition charges and interest, totaling $618,241.09 ($351,873.13 in costs plus $266,267.96 in interest), are also owed on the property. Id.

[7] In support of this argument, Plaintiffs' counsel argues that his costs and fee "attached" on the day the complaint was filed — August 5, 2019 — whereas Atlantic City did not file its notice of lien until September 2, 2019. ECF No. 95-2 at 5.

6

Defendant did not learn about the liens until after the settlement had already been entered into and thus did not contemplate payment of the liens when agreeing to a settlement amount. See ECF No. 95.

Atlantic City argues[8] that Plaintiff's counsel's fee and costs do not have priority over the municipal liens because (1) Atlantic City properly noticed the liens;[9] (2) legislation does not require

---

[8] The Court notes that although Atlantic City has not formally moved to intervene in this case, neither Plaintiffs nor Defendant have argued that Atlantic City is not an interested party with respect to the issue underlying the Motion. Thus, the Court finds, sua sponte, that Atlantic City may intervene in this action as of right pursuant to Federal Rule of Civil Procedure 24(a), which states:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). It is clear that Atlantic City is "claim[ing] an interest relating to the property . . . that is the subject of the action," i.e., the municipal liens, and that no other party is able "to protect its interest." Plaintiffs' position and Atlantic City's position are, on their face, directly at odds with each other. Thus, the Court finds that Atlantic City may intervene as of right in this action for the purpose of opposing Plaintiffs' Motion.

[9] Specifically, Atlantic City argues that it gave proper notice of the demolition of the property to the property's owner (Somdev) "in accordance with statutory protocols and filed the notice with the County clerk's office in due course." ECF No. 97 at 3. Atlantic City argues that "[t]here is no indication that plaintiffs were also entitled to direct notice although it seems they ought to have been aware of the condition of their motel(s) on the property." Id. Regardless of whether Plaintiffs received this

7

the City to investigate or intervene in any possible actions involving proceeds from a fire policy insurer; (3) no equitable considerations exist for the Court "to sidestep the actual wording of the referenced statute and ordinance"; and (4) the Court does not have enough information regarding the "actual reasonableness of the charging fees" to determine that "a statutory attorney's lien may have priority over liens which attach subsequently." ECF No. 97.

Defendant does not necessarily oppose Plaintiffs' counsel's Motion, but is seeking clarity from the Court regarding its obligation to use the settlement proceeds to pay the municipal liens pursuant to the relevant statutes/ordinances.[10] Defendant

---

formal notice of demolition from the city, Atlantic City argues that Plaintiffs were clearly aware before January 2023 (the date of the settlement) that their motel had been demolished, and thus cannot claim they did not have notice of the demolition.

Additionally, as to the issue of whether Plaintiffs had proper "notice" of the liens, Atlantic City notes that "the relationship between [P]laintiffs and Somdev, the record owner of the property where the fires occurred, is not clear. To the extent [P]laintiffs may have 'owned' the motel where the fires occurred they should be imputed with knowledge of the imposition of municipal liens and assessments." ECF No. 97 at 5-6.

[10] In response to this Motion, Defendant noted:

> For instance, . . . [P]laintiffs are not the owners of the subject property, but merely the alleged owners/proprietors of the hotel that was located there. Not being the owners of the property, [P]laintiffs are not liable for the municipal lien on the property so there is no reason that their settlement money should pass to the municipality. Additionally, there is case

8

argues it is most "expedien[t]" for the Court to proceed as Plaintiffs' counsel has proposed in his Motion — that is, for Defendant to "[p]ay[] the settlement proceeds into escrow pending [P]laintiff[s'] counsel's efforts to work out a settlement with the municipality (or the issuance of a further order of this [C]ourt)." ECF No. 98 ¶ 7. This, Defendant argues, "is clearly preferable to engaging in ancillary time consuming and costly litigation (such as an interpleader action) to determine how the settlement funds should be paid." Id.

To evaluate the parties' arguments, the Court first notes the relevant statutes and ordinances implicated by Plaintiffs' Motion. N.J.S.A. § 17:36-9 states as follows:

> Any municipality may, by ordinance, prohibit the payment to a claimant by any insurance company of any claim in excess of $2,500.00 for fire damages on any real property located within the municipality, pursuant to any fire insurance policy issued or renewed after the adoption of such ordinance and after the filing of such ordinance with the State Commissioner of Insurance, until such time as: a. (1) anticipated demolition costs and all taxes and assessments and all other municipal liens or charges due and payable, appearing on the official certificate of search; or (2) all taxes and assessments and all other municipal liens or charges due and payable, appearing on the official certificate of search, shall have been paid either by the owner of such real property or by the insurance company pursuant to the provisions of [N.J.S.A. 17:36-10]; or b. the municipality submits to the insurance company a copy of

---

law supporting the position that since an insurer is not in privity with the municipality, the municipality is not entitled to insurance proceeds due the insured.

ECF No. 98 ¶ 6.

> a resolution adopted pursuant to [N.J.S.A. 17:36-11]. No change in such an ordinance shall take effect until filed with the commissioner.

N.J.S.A. § 17:36-9 (emphasis added). Subject to only two exceptions, neither of which apply in this case, "[a] municipal claim made in accordance with [N.J.S.A. 17:36-8 to -13] shall be paramount to any other claims on the proceeds of the fire insurance policy." N.J.S.A. 17:36-12.

Atlantic City has adopted an ordinance pursuant to N.J.S.A. § 17:36-9. The Code of the City of Atlantic City ("Atlantic City Code") Section 126-1, titled "Restrictions on payments of claims," reads:

> Every insurance company is prohibited from paying a claimant any claim in excess of $2,500 for fire damages on any real property located within the City of Atlantic City pursuant to any fire insurance policy issued or renewed after the effective date of this chapter and after the filing of this chapter with the State Commissioner of Insurance until such time as all taxes and assessments and all other municipal liens or charges due and payable appearing on the final certificate of search shall have been paid either by the owner of such real property or by the insurance company, pursuant to § 126-2 of this chapter or pursuant to a resolution of the City Council adopted pursuant to § 126-3 of this chapter.

Atlantic City, N.J., Code of the City of Atlantic City § 126-1 (2023) (emphasis added) (effective Mar. 15, 1979). Atlantic City Code § 126-3 permits the City Council to authorize the Tax Collector "to enter into agreements with the owners of any fire-damaged property to pay in full all delinquent taxes, assessments

10

or other municipal liens by installments . . . or for redemption of the tax sale lien by installment payments." Id. at § 126-3.

The Court, at this time, and on the current record before it, declines to grant Plaintiffs' Motion. Granting Plaintiffs' Motion would preempt the overall resolution of the case disputing the validity of the liens that Plaintiffs filed against Atlantic City the same day this Motion was filed because the amount of the settlement proceeds, minus the amount of Plaintiffs' counsel's costs and fee, would not be enough to cover the municipal liens on the property and premises as currently calculated.

In addition to preempting the overall resolution of the new case, the Court is unable to grant Plaintiff's Motion because there are currently too many unknown factual considerations for the Court to determine how the funds should be distributed, many of which may very well be determined in the new case. For example, if the Court determines that the liens are invalid for any number of reasons (e.g., they were improperly calculated or improperly noticed), then the liens would not be enforceable, and the Motion would be moot.[11]

---

[11] The Motion also may be moot if Plaintiffs and Atlantic City negotiate the amount of the liens owed to Atlantic City to a lesser value than what is currently calculated such that there is enough money to pay Plaintiffs' counsel's costs and fee and the liens without any Court intervention. In fact, the relevant statutes/ordinances provide for what should happen to the settlement funds during the period when the municipality and the

Additionally, in the new case, it may be determined which, if any, of the municipal liens on the property (demolition, tax, water) Plaintiffs are responsible for, as opposed to which of the liens Somdev is responsible for. Furthermore, regardless of which entity is "responsible" for which lien, the Court may determine whether the statutes/ordinances at issue here require all municipal liens associated with the property to be paid for by the settlement proceeds, or only the liens that have "privity" with

---

property owners "appeal" the value of any liens in dispute. Atlantic City Code § 126-2, titled "Insurance company to pay city," provides:

> Unless a resolution is received by an insurance company pursuant to § 126-3 of this chapter, <u>all insurance companies are required, prior to the payment of any claims for fire damage in excess of $2,500, to pay to the City of Atlantic City the amount of the liens or related charges</u> as may be certified to the insurance company; <u>provided, however, that if an appeal is taken on the amount of any lien or charge</u>, other than an appeal on the assessed valuation of real property pursuant to N.J.S.A. 54:3-21, <u>the insurance company shall withhold 75% of the full amount of the lien or charge being contested, pending termination of all proceedings, at which time such moneys and all interest accruing thereon at a rate paid on interest-bearing accounts in banking institutions or savings-and-loan associations in the state shall be disbursed in accordance with the final order or judgment of the court</u>.

<u>Code of the City of Atlantic City</u> § 126-2 (emphasis added). The parties and Atlantic City have not addressed this ordinance, nor whether the case filed disputing the value of the liens constitutes an "appeal" to trigger the procedure in the ordinance. Nevertheless, the Court does not seek to foreclose the potential resolution of this issue by the parties outside of court.

the contract for fire insurance (i.e., the demolition lien). The statutes/ordinances do not specify how the settlement proceeds should be used when the owner of the premises that was insured is different from the owner of the property on which the premises was located. The issue of whether the liens were properly noticed is also dependent on which entity is liable for each lien, and whether notice on one entity could be imputed to another.

Putting aside all of these undetermined issues, and assuming that all of the municipal liens are valid and enforceable and should be deducted from the settlement proceeds, the Court, based on the current briefing, has not been presented with sufficient information to determine that Plaintiffs' counsel's fee and costs have priority over the municipal liens. First, the plain language of the statutes/ordinances, as well as the purpose behind them, see City of Paterson v. Fargo Realty, Inc., 415 A.2d 1210, 1214 (N.J. Law Div. 1980), indicates that the municipal liens have priority over all other liens, including attorneys' charging liens and other statutory liens. See N.J.S.A. 17:36-12. Therefore, even if, as Plaintiffs argue, their counsel's fee and costs constitute an attorney's "charging lien" pursuant to N.J.S.A. § 2A:13-5,[12] it

---

[12] N.J.S.A. § 2A:13-5 provides:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor

13

is not the case that such a lien would necessarily take priority over the municipal liens, at least on this current record.

Next, Plaintiffs suggest that it would be unconscionable or inequitable to allow Atlantic City to "reap the benefits of the settlement at the expense of [P]laintiffs' counsel fees and expenses which generated the settlement." ECF No. 95-2 at 5. There is some support for Plaintiffs' argument. In <u>United States v. Arlington Arms, Inc.</u>, 151 F. Supp. 957, 958 (D.N.J. 1957), attorneys sought "an order establishing an equitable lien . . . upon moneys in the hands of the City of Newark [that] represent[ed] a refund of municipal taxes assessed by the City against the defendant's property," which were "obtained as a result of the services of the[] attorneys in securing a reduction of the tax assessment for the year 1956." Although the court found that

---

at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, <u>shall have a lien for compensation, upon his client's action</u>, cause of action, claim or counterclaim or cross-claim, which <u>shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come</u>. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

(Emphasis added).

N.J.S.A. § 2A:13-5 was inapplicable, the court found that counsel had an equitable lien, grounded in contract rights, to the refund money. Id. The court explained that "[t]he refund moneys became available through the services of the petitioning attorneys, which were rendered in reliance upon their client's agreement, contingent upon their recovery, that they might look to such moneys for their compensation." Id. Consequently, the court concluded that it would "be inequitable to permit the plaintiff's levy upon the product of the attorneys' services to deprive the attorneys of their contractual right to compensation." Id.

While Arlington Arms appears to support Plaintiffs' equitable arguments, that case was decided before the statutes regarding fire insurance proceeds were enacted, and therefore has limited applicability to this case.[13] The Court finds this case to be more analogous to Pine Street Management (30 Evergreen Place) v. East

---

[13] For similar reasons, the Court finds the principal case relied upon by Plaintiffs to be distinguishable. Marrone v. Thuring, 334 N.J. Super. 456, 459 (Law Div. 2000), did not involve a municipal lien created pursuant to N.J.S.A 17:36-9, but rather competing liens between the plaintiff's attorney and the plaintiff's Medicaid and ERISA plans. Furthermore, in finding that the attorney was "entitled to a first claim for its fees and expenses," id., against the settlement fund, the Marrone court noted that neither the language of the ERISA plan nor the applicable Medicaid statutes created a right of first recovery as to those entities. Id. at 468-69. In contrast, N.J.S.A. 17:36-9 permits municipalities to ensure that their own municipal claims are paid prior to any other claims, and N.J.S.A. 17:36-12 makes such claims "paramount to any other claims." Because the Marrone court had no occasion to consider what effect, if any, such a provision would have had on its analysis, it provides little guidance as to this case.

15

Orange City, 15 N.J. Tax 31 (N.J. Tax 1995). In that case, the court found that the municipality's right to set off delinquent taxes against tax refunds pursuant to N.J.S.A. § 54:4-134 took priority over an attorney's charging lien, despite the attorney's efforts to create the tax refunds at issue. The court specifically noted that "although some states give an explicit statutory priority to attorney's charging liens, New Jersey does not give such a priority." Id. at 34 (citing N.J.S.A. § 2A:13-5). The court further explained that, "[i]n New Jersey, taxes on lands are a lien on the land, N.J.S.A. [§] 54:5-6, and are a first lien on such land. N.J.S.A. [§] 54:5-9." Id. at 34-35. Applying that principle, the court reasoned that "the right of setoff under N.J.S.A. [§] 54:4-134, which derives from the municipal lien for taxes, would seem to enjoy a higher status than the attorney's lien for services." Id. at 35. The court additionally noted that its finding was "consistent with the logic and specific language of the Internal Revenue Code," which "gives attorney's liens priority over tax liens of the IRS unless the attorney's lien applies to a judgment or settlement of a claim against the United States in which the United States has a right of setoff." Id. at 35 n.1 (citing I.R.C. § 5323(b)(8)).

Although the Court notes that Pine Street is not binding on this Court, and the statute at issue in Pine Street only applied to tax liens, not demolition liens, the case cautions the Court

16

from granting Plaintiffs' Motion at this time and on this record.[14] Plaintiff's counsel has not sufficiently established that his fee and costs take priority over the municipal lien. To be sure, further developments in the related case, Civ. No. 23-2104, may directly impact this issue going forward, but Plaintiff has not presented the Court with sufficient authority or support for his position in light of the relevant statutory scheme and the fact

---

[14] The court further noted that:

> Finally my discomfort expressed on the record relates to the fact that . . . the plaintiff's lawyers[] did good work. They worked hard. They got a result for their client entitling their client to a refund of $261,193.84. The lawyers entered into a contract. They expected to receive a contingent fee. The failure of the City to receive its taxes because of the failure of the law firm's client, its client's landlord, its client's landlord's successor, their lender, or some other person or entity to pay those taxes, deprived the law firm of its ability to attach a lien to the product of the judgment which it obtained. The City had a right under N.J.S.A. [§] 54:4-134 to a setoff for delinquent taxes in the full amount of the refund. <u>The lawyers' right to a fee from a refund can be no greater than his client's right to the refund.</u> <u>This is not to say that the law firm is not entitled to a fee based on a theory of contract and/or quantum meruit</u>. I indicated that the law firm would have to pursue those rights in a separate action or actions (or amendments to and/or motions in this action, <u>see</u> [N.J. Ct. R.] 4:30A, N.J.S.A. [§] 2B:13-2 and N.J.S.A. [§] 2B:13-3) in contract and/or quantum meruit against those who owe it the fee rather than for enforcement of an attorney's lien against a non-existent refund. There simply is no fund on which to enforce the attorney's lien; there is no <u>res</u> to which the lien can attach." <u>Pine Street</u>, 15 N.J. Tax at 35-36.

17

that there is now an active case addressing the overall validity of the asserted Atlantic City liens.

Accordingly, **IT IS** on this **6th** day of **November 2023**,

**ORDERED** that Plaintiff's motion for distribution of funds [ECF No. 95] is **DENIED without prejudice**.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge

cc: Hon. Renée Marie Bumb
    Chief United States District Judge

18